Mark R. Thierman, NV#8285
laborlawyer@pacbell.net
**THIERMAN LAW FIRM, P.C.**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027

David R. Markham, CAL#71814
dmarkham@clarkmarkham.com
R. Craig Clark, CAL#129219
cclark@clarkmarkham.com
James M. Treglio, CAL#228077
jtreglio@clarkmarkham.com
**CLARK & MARKHAM LLP**
600 B Street, Suite 2130
San Diego, CA 92101
Tel: (619) 239-1321
Fax: (619) 239-5888

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARDE EVANS on behalf of herself and all others similarly situated, | ) CASE NO. 2:10-cv-01224 ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT FOR** ) **VIOLATION OF NEVADA STATE DAILY** |
| v. | ) **OVERTIME WAGE LAWS AND LABOR** ) **COMMISSIONER POLICIES** ) |
| WAL-MART STORES, INC, and DOES 1-50, Inclusive, | ) **(DEMAND FOR JURY TRIAL)** ) ) |
| Defendants. | ) ) ) |

CLASS ACTION COMPLAINT                                                                 1

Comes now Plaintiff CHARDE EVANS ("Plaintiff"), on behalf of herself and all others similarly situated hereby alleges as follows:

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION/VENUE**

1. This Court has original jurisdiction over the claims alleged herein pursuant to the Class Action Fairness Act, 29 U.S.C. Section 1334(d). The Defendant is a Delaware Corporation with its principal place of business in Arkansas. Plaintiff is a resident and citizen of Nevada, as are the vast majority of class members. Plaintiff is informed and believes that the amount in controversy exceeds five million dollars in the aggregate.

2. Venue is proper in this Court because the injuries to one or more of the persons named herein occurred in Clark County, Nevada.

**PARTIES**

3. Plaintiff is a natural person who was employed by Defendant WAL-MART STORES, INC. as a "Stocker/Cashier" from approximately September 25, 2008 until June 5, 2010 at one of its retail stores ("Wal-Mart Stores, Inc." or "Defendant") in the County of Clark, State of Nevada. Additionally, Plaintiff resides in the County of Clark, State of Nevada.

4. Plaintiff is informed and believes that Defendant is a Delaware corporation with its principal place of business in the state of Arkansas, and is/was the employer of the Plaintiff and other members of the Class.

5. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff.

**CLASS ALLEGATIONS**

6. Plaintiff seeks to represent a class of all persons employed as hourly employees for Defendant in the State of Nevada within the last three years of the filing of this lawsuit until the time of judgment, who were paid less than twice the applicable Nevada state

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

minimum wage and who were required, suffered or permitted to work without proper daily overtime premium compensation of one and one half times their regular hourly rate of pay for work performed in excess of eight hours within a twenty-four hour period, and who were not working pursuant to a written agreement for four ten hour days (the "Class").

7. Plaintiff is a member of the proposed Class, is typical of all members of the Class, has a common issue of law and/or fact with all members of this class in whether the Defendant is legally entitled to allow Plaintiff and other members of the Class to begin a shift less than sixteen hours from the end of the prior shift, without paying overtime compensation for hours worked during the new shift. Class membership is easily ascertainable from the records that the Defendant is required by law to maintain.

8. This class action is superior to individual actions because it would be unjust to allow the Defendant to benefit from its unlawful behavior solely because the cost of litigating individual claims would be prohibitive compared to the expected damages unless aggregated.

## THE CONDUCT

9. At all relevant times herein, Plaintiff was employed as an hourly employee by Defendant at a rate of pay below one and a half times the amount of the applicable minimum wage. From time to time, Defendant would require and/or permit Plaintiff and other members of the Class to work shifts beginning less than sixteen hours after the end of their prior shift. As a result, Plaintiff and other members of the Class would work more than eight hours in a workday and/or forty hours in a workweek. Nevertheless, Plaintiff and other members of the Class were not properly compensated for the overtime. Moreover, when she complained about this practice to her supervisors, the practice was ultimately corrected, but Defendant did not retroactively compensate Plaintiff or other members of the Class for the time they were not properly compensated.

## FIRST COUNT
### (Shift Jamming)

10. Plaintiff realleges and incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

11. Nevada Revised Statutes (NRS) 608.260 provides: "If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the labor

CLASS ACTION COMPLAINT                                                                                         3

commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover . . ." Additionally, NRS 608.140 provides a private right of action for wages earned and due according to the terms of his/her employment.

12. NRS 608.016 provides: "An employer shall pay to the employee wages for each hour the employee works."

13. NRS 608.018 requires the payment of overtime on a daily basis to all hourly employees who earn less than one and a half times the minimum wage, stating "An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

14. NRS 608.126 defines "workday" as "a period of 24 consecutive hours which begins when the employee begins work."

15. The State of Nevada defines the minimum wage as follows:

(i) $6.33 per hour (with no health insurance benefits provided by the employer) or $5.30 per hour (with health insurance benefits provided by the employer) for the year 2007;

(ii) $6.85 per hour (with no health insurance benefits provided by the employer) or $5.85 per hour (with health insurance benefits provided by the employer) for the year beginning July 1, 2008;

(iii) $7.55 per hour (with no health insurance benefits provided by the employer) or $6.55 per hour (with health insurance benefits provided by the employer) for the year beginning July 1, 2009;

(iv) $8.25 per hour (with no health insurance benefits provided by the employer) or $7.25 per hour (with health insurance benefits provided by the employer) for the year beginning July 1, 2010.

16. By and through the conduct described in ¶ 9 of this Complaint, Defendant has caused, required and/or permitted Plaintiff and other members of the Class to work more than

CLASS ACTION COMPLAINT                                                                                           4

eight hours in a workday and/or more than forty hours in a workweek without proper overtime compensation.

17. Lastly, NRS 608.140 provides: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiff has sent such a demand pursuant to NRS 608.140.

## SECOND COUNT
### (Waiting Time Penalties)

18. Plaintiff realleges and incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

19. NRS. §608.050 (1) and (2) provide:

> (1) Whenever an employer of labor shall discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash and lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default, until he is paid in full, without rendering any service therefor; but he shall cease to draw such wages or salary 30 days after such default. (2) Every employee shall have a lien as provided in NRS 108.221 to 108.246, inclusive, and all other rights and remedies for the protection and enforcement of such salary or wages as he would have been entitled to had he rendered services therefor in the manner as last employed.

20. NRS 608.040 provides that if an employer fails to pay:  (a) Within 3 days after the wages or compensation of a discharged employee becomes due; or   (b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or

CLASS ACTION COMPLAINT                                                                                                          5

compensation of the employee continues at the same rate from the day he resigned, quit or was discharged until paid or for 30 days, whichever is less.

21. NRS 608.040 provides that waiting penalties are wages due, which gives rise to a private cause of action under NRS §§608.050 and 608.140.

22. Pursuant to NRS §608.040, Plaintiff seeks waiting time penalties in addition to wages due for themselves and all other class members whose employment terminated without having been properly compensated within the last three years.

## **PRAYER FOR RELIEF**

1. Plaintiff, individually and on behalf of all others similarly situated pray for relief as follows:

   a. An order directing Defendant to pay all sums due for daily overtime compensation for every member of the class during the applicable statutory period, plus interest and attorneys fees.

   b. An order directing Defendant to pay thirty days of wages due to all class members who terminated employment during the applicable period of time and who were not paid their daily overtime within thirty days of termination.

   c. An order foreclosing any lien created pursuant to NRS 608.050, as provided in NRS 108.221 to 108.246, inclusive and including prejudgment interest, reasonable attorneys fees and costs;

///
///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT  6

      d. Attorneys fees, costs and interest, and

      e. Such further relief as this court may deem just and proper.

Dated this 22nd day of July, 2010            THIERMAN LAW FIRM

                                                  By:  /s/Mark R. Thierman
                                                        MARK R. THIERMAN

                                               CLARK & MARKHAM LLP
                                               David R. Markham, CA Bar # 071814
                                               R. Craig Clark, CA Bar # 129219
                                               James M. Treglio, CA Bar # 228077
                                               600 B Street, Suite 2130
                                               San Diego, CA 92101
                                               Tel: (619) 239-1321

                                               *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands jury trial on issues triable to a jury.

Dated this 22nd day of July, 2010            THIERMAN LAW FIRM

                                                  By:  /s/Mark R. Thierman
                                                      MARK R. THIERMAN

                                               CLARK & MARKHAM LLP
                                               David R. Markham, CA Bar # 071814
                                               R. Craig Clark, CA Bar # 129219
                                               James M. Treglio, CA Bar # 228077
                                               600 B Street, Suite 2130
                                               San Diego, CA 92101
                                               Tel: (619) 239-1321

                                               *Attorneys for Plaintiff*

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net