UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARDE EVANS,

        Plaintiff,

v.

WAL-MART STORES, INC., et al.,

        Defendants.

2:10-CV-1224 JCM (VCF)

**ORDER**

Presently before the court is plaintiff's motion for reconsideration. (Doc. # 62). Defendant has responded (doc. # 63) and plaintiff has replied (doc. # 65).

**I.    Background**

Plaintiff Charde Evans was formerly employed by Walmart as a stocker/cashier from September 25, 2008, to June 5, 2010. (Compl., doc. # 1, ¶ 3). In her complaint, plaintiff alleged that she and others similarly situated were required to work in excess of eight hours within a twenty-four hour period without receiving overtime pay. (*Id.*, ¶ 6). Plaintiff further alleged that Walmart did not pay the due overtime wages within the time period required by statute, and that she and others similarly situated were therefore entitled to waiting time penalties. (*Id.*, ¶ 18-22). On July 22, 2010, plaintiff filed a complaint stating causes of action for shift jamming (count one) and waiting time penalties (count two). (*Id.*).

On November 17, 2010, this court entered an order approving the parties' stipulation for dismissal of certain claims which overlapped with a separate class action settlement approved in the matter of *In re: Employment Practices Litigation*, MDL No. 1735, 2:06-cv-225-PMP-PAL. (*See*

**James C. Mahan**
**U.S. District Judge**

1    doc. # 33).  In particular, this court's order dismissed all claims occurring prior to February 27, 2009.
2    (*Id.*).  As a result, the time period for the underlying claims was limited to February 27, 2009,
3    through June 5, 2010, which is the day plaintiff's employment with Walmart terminated.

4          In 2010, Walmart conducted a self-audit and entered into a settlement with the Nevada labor
5    commissioner regarding alleged shift jamming and failure to pay overtime for the period from
6    August 1, 2007, through July 31, 2010.  (*See* labor commissioner's order, doc. # 49, ex. 2).  As a
7    result of that settlement, Walmart issued checks to 11,246 former and current employees, including
8    plaintiff, to compensate them for the unpaid overtime.  (Doc. # 57, p. 3).  Of those 11,246, plaintiff
9    alleged that 4,358 are employees who ended their employment before the overtime checks were paid,
10   and therefore constitute the prospective class members to whom waiting time penalties are due.
11   (Doc. # 49, p. 5).  The checks included a waiver which read: "By cashing or retaining the enclosed
12   check, you will be accepting it as full payment of any incorrectly calculated overtime that may be
13   owed to you under state law through the date reflected on your check."  (*See id.* at 12).  Plaintiff
14   conceded she was issued a back-wage check in the amount of $234.90.  (*Id.*).

15         Based on these facts, plaintiff sought class certification for her and others similarly situated
16   seeking waiting time penalties for the delinquent overtime pay pursuant to Nevada statute.
17   Defendant opposed certification (doc. # 53) and separately filed for summary judgment (doc. # 52).
18   The court granted summary judgment in favor of the defendant and denied the motion for class
19   certification as moot.  (Doc. # 60).

20         In granting summary judgment, however, the court found that the labor commission's order
21   and the check's language did not conclusively demonstrate that plaintiff had waived her claim to
22   waiting time penalties.  (*Id.* at 4-5).  Accordingly, the court examined the waiting time statutes and
23   concluded that, as a matter of law, waiting time penalties were not available for delinquent overtime
24   pay.  (*Id.* at 5-8).  Plaintiff now asks the court to set aside the entry of judgment and reconsider its
25   ruling.

26   **II.     Legal Standard**

27         A motion for reconsideration "should not be granted, absent highly unusual circumstances."

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Rich v. TASER Int'l, Inc.*, 917 F. Supp. 2d 1092, 1094 (D. Nev. 2013); *see also Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th Cir. 2004); *School Dist. No. IJ, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n. 6 (D. Nev. 2013); *see also Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

**III.   Discussion**

The court's prior order granting summary judgment in favor of the defendant was based on its conclusion that overtime pay is not subject to waiting time penalties under Nevada law. Plaintiff asserts that conclusion was in error because (1) defendant agreed to pay plaintiff overtime compensation, and (2) overtime pay qualifies as "compensation" as contemplated by NRS 608.040. The court is not persuaded by either argument.

**A.   Agreement to pay overtime**

Plaintiff relies first on Walmart's employee handbook–in particular the "statement of ethics"–in support of her argument that Walmart owes her penalties on the delinquent overtime pay as a matter of contract.

The statement of ethics provides in relevant part:

> We are committed to complying fully with all applicable laws and regulations dealing with wage-and-hour issues, including off-the-clock work, meal and rest breaks, overtime pay, termination pay, minimum-wage requirements, wages and hours of minors, and other subjects related to wage-and-hour practices. As Walmart associates, we must: [c]omply fully with all corporate policies and procedures related to wage-and-hour issues; [c]omply fully with all applicable federal, state, and local laws and regulations pertaining to wage-and-hour issues; [and] [r]eport any violations of wage-and-hour laws or policies to management. It is a violation of law and Walmart policy for you to work without compensation or for a supervisor (hourly or salaried) to request that you work without compensation. You should never perform any work for Walmart without compensation.

(Walmart statement of ethics, doc. # 64, ex. A, p. 19).

As an initial matter, the court notes that the statement of ethics is not "newly discovered evidence." In order for a motion to reconsider an order of summary judgment on the basis of newly discovered evidence to be successful, "[i] the evidence must be 'newly discovered,' and not in the moving party's possession at the time of trial, [ii] the moving party must have exercised reasonable diligence prior to the time of trial to discover the evidence, and [iii] the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Albuquerque v. Arizona Indoor Soccer, Inc.*, 880 F.2d 416 (9th Cir. 1989) (internal citations omitted).

As the ethics statement is available to Walmart employees, including plaintiff, it was or should have been in her possession previously. In addition, plaintiff has not demonstrated that she exercised reasonable diligence to discover the statement. Finally, the statement is not of such magnitude that its earlier production would likely change the disposition of the case. Because none of the *Albuquerque* criteria are met in this case, plaintiff fails to show that reconsideration should be granted on the basis of this "newly discovered evidence."

Putting that fact aside, plaintiff's reliance on the handbook as evidence that Walmart is required to pay waiting time penalties on overtime pay is simply a *non sequitur*. Walmart's statement to its employees that it promises to comply with all applicable wage-and-hour laws does not impose any additional obligations upon Walmart other than those already imposed by virtue of law.

Plaintiff's assertion that the court's prior conclusion was "based upon a factually incorrect premise in this instance–i.e., that Defendant Walmart [] did not agree to pay Plaintiff and all other similarly situated individuals pursuant to the Nevada law regarding overtime pay" is an incorrect characterization of the court's prior ruling. That ruling was based solely on the court's interpretation of Nevada's waiting time statutes–NRS 608.040 and 608.050–and its conclusion that those penalties do not apply to overtime.

Even if Walmart's employee handbook was presented as evidence at that time, it would have been completely irrelevant to the court's ultimate conclusion. The employee handbook remains every bit as irrelevant now.

**B.     "Wages and compensation" under NRS 608.040**

Plaintiff next challenges the court's interpretation of NRS 608.040 and its conclusion that the statute does not apply to overtime pay.[1] Plaintiff disagrees with the court's interpretation of the word "wages", and argues in the alternative that the word "compensation" as used in NRS 608.040 includes overtime pay. The court rejects both arguments.

With regard to the term "wages," the court previously noted that the statutory definition is limited to the "amount which an employer agrees to pay an employee." *See* NRS 608.012 (defining "wages"). The court therefore concluded that the "wages" referred to in both NRS 608.040 and 608.050 meant only the "contractually agreed upon" rate of pay, which necessarily excludes overtime as it is a creature of statute. (Doc. # 60 at p. 6-7).

The court also relied on its previous decision in *Orquiza v. Walldesign, Inc.*, where it held that "[a]ccording to the most common interpretation of both N.R.S. § 608.040 and § 608.050, penalties apply only to the regular wages owed to an employee for the work performed between pay periods at the time employment ended." *Orquiza v. Walldesign, Inc.*, 2012 WL 2327685, *5 (D. Nev. Jun. 19, 2010) (emphasis added). The court concluded that because overtime pay is not "regular," it is not subject to waiting time penalties.

---

[1] In its order the court concluded that neither NRS 608.040 nor 608.050 provide said penalties. Plaintiff has apparently limited her motion for reconsideration to NRS 608.040.

Plaintiff again ignores the court's decision in *Orquiza*, specifically in regards to its use of the word "regular," and the fact that the court limited the availability of penalties under NRS 608.040 and 608.050 to <u>regular</u> pay.

Simply put, plaintiff has not provided new evidence which would impact the court's prior interpretations of those statutes, has not demonstrated in any way that the court committed clear error, and has not argued that there has been an intervening change in controlling law. *Rich,* 917 F. Supp. 2d at 1094. Plaintiff is simply misconstruing the court's order and its ruling in *Orquiza*, and instead revisiting the same arguments in an effort to convince the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller*, 2013 WL 508326, at *6 n. 6.

## IV.   Conclusion

Plaintiff has failed to provide a valid ground for reconsideration. For the foregoing reasons, the court stands by its prior order granting summary judgment in favor of the defendant. Plaintiff's motion is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (doc. # 62) be, and the same hereby is, DENIED.

DATED July 15, 2014.

*[signature]*
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -