Mark R. Thierman, Esq. (Nev. Bar No. 8285)
mark@thiermanbuck.com
Joshua D. Buck, Esq. (Nev. Bar No. 12187)
josh@thiermanbuck.com
Leah L. Jones, Esq. (Nev. Bar No. 13161)
leah@thiermanbuck.com
**THIERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, Nevada  89511
Telephone: (775) 284-1500
Fax: (775) 703-5027

David R. Markham, CA. Bar No. 071814 (pro hac vice)
dmarkham@markham-law.com
Janine R. Menhennet, CA. Bar No. 163501 (pro hac vice)
jmenhennet@markham-law.com
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA  92101
(619) 399-3995

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHARDE EVANS, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:10-cv-01224-JCM-LRL<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION**<br><br>Date:   To Be Set by the Court<br><br>Judge:   Hon. James C. Mahan |

**I.      INTRODUCTION**

Having rejected Magistrate Judge Ferenbach's advice, Defendant Walmart ("Defendant" or "Walmart") opposes Plaintiff's Motion for Class Certification ("Motion") with merits-based repetitive arguments that have been rejected by the Ninth Circuit. *See, e.g.*, *Staton v. Boeing Co*., 327 F.3d 938, 954 (9th Cir.2003). Walmart's lead argument in opposition to Plaintiff's Motion—that Nevada employees can only sue for waiting time penalties pursuant to a breach of contract theory—is the same argument that caused the appeal, was argued on appeal, and was rejected by the Ninth Circuit on appeal.  *See* Walmart's Opposition ("Opp.") at 4-5.  Walmart's attempt to induce this Court to contempt the Ninth Circuit's mandate and continue to re-litigate this settled issue in this case boarders on frivolous.

Walmart's second argument in opposition to the Plaintiff's Motion is that Plaintiff and the putative Class are not entitled to waiting time penalties of 30-days under NRS 608.040 and 30-days under NRS 608.050, despite the express language used by both this Court and the Ninth Circuit.  Opp. at pp. 5-7.  In *Evans v. Wal-Mart Stores, Inc*., No. 2:10-CV-1224 JCM VCF, 2014 WL 298632, at *4 (D. Nev. Jan. 24, 2014), this Court said (emphasis supplied): "*In addition to* the penalties provided by § 608.040, employees may also recover penalties and a lien on the employer's property under N.R.S. § 608.050, . . ."   The Ninth Circuit agreed and clearly stated that Nevada employees are entitled to recover waiting time penalties for unpaid overtime sought pursuant to statute under NRS 608.040 and waiting time penalties for unpaid overtime sought pursuant to contract under NRS 608.050.  *See Evans v. Wal–Mart Stores, Inc*., No. 14-16566, 2016 WL 4269904, at *1 (9th Cir. Aug. 15, 2016).

Walmart's only other arguments against Plaintiff's Motion (while more superficially relevant to the Motion at hand) mislead the Court as to the real issue that remains.  There is no question about whether Plaintiff or putative Class members were properly paid, or the proper amount of damages owed, or whether class members "refused or never responded to compensation when fully tendered."  Opp. at pp. 3-4.  Walmart admitted that it did not pay Plaintiff and all other putative Class members their correct daily overtime rate.  *See* ECF No.

49-3, Exhibit 1 (Letter from Walmart admitting incorrectly calculated overtime).  Indeed, it entered into an "agreement" with the Nevada Labor Commissioner to pay for its unlawful practices but these backpay payments did not include waiting time penalties under NRS 608.040 or NRS 608.050.  *See Evans v. Wal–Mart Stores, Inc*., No. 14-16566, 2016 WL 4269904, at *1 (9th Cir. Aug. 15, 2016) ("The Labor Commissioner's order does not reference waiting time penalties, and therefore does not dispose of Evans's waiting time penalty claims."). Therefore, it never "fully tendered" all sums owed at the time of termination or for 60 days thereafter.

Defendant's arguments about theoretical differences in damages is both illogical and also an insufficient reason to deny class certification. Because defendant's own records show which former employees they attempted to mail overtime compensation to as a result of the deal with the Labor Commissioner, and the pay rate for these employees at the time of termination, calculating damages is simply a matter of arithmetic.  Contrary to Defendant's assertions, Plaintiff's theory is not that the amount of unpaid overtime that was remitted to former employees was deficient.  Plaintiff's theory is that Defendant failed to pay any daily overtime to the 11,246 persons Defendant identified in response to Plaintiff's Interrogatory No. 1.  Of this group who were not paid daily overtime, Plaintiff and all other 4,358 members of the putative Class had terminated employment before Defendant mailed checks as part of its settlement with the Labor Commissioner. Because Plaintiff and the class did not receive their full wages due and owing to them when they ended their employment with Walmart, they had unpaid overtime pay that was outstanding and due to them.  The class of 4,358 former Wal-Mart employees who were owed unpaid daily overtime at the time of their termination is completely homogenous on this issue.

Thus, the only common question is (was) whether Plaintiff and putative Class members were entitled to waiting time penalties because of Walmart's unlawful overtime practices. The Ninth Circuit has answered that question in the affirmative.  Plaintiff is typical of the Class because she was not compensated all of her wages due and owing to her when she ended her

employment with Walmart[1] and she is likewise an adequate representative of the putative Class because she earned less than 1.5 times the minimum wage rate, was subjected to Walmart's unlawful shift jamming policy, and was not paid her full wages upon termination of her employment relationship with Walmart.  The proclamation of the Ninth Circuit applies the same to Plaintiff as it does to every other one of the 4,358 members of the class, no matter what the measure of their damages. As the Court of Appeals stated:

> The Labor Commissioner's order does not reference waiting time penalties, and therefore does not dispose of Evans's waiting time penalty claims. We conclude that overtime pay is a form of wages under Nevada law. See Nev. Rev. Stat. § 608.012 (defining wages as "[t]he amount which an employer agrees to pay an employee for the time the employee has worked, computed in proportion to time"). Overtime pay is also a form of compensation under § 608.040. See Nev. Rev. Stat. § 608.040 (providing for waiting time penalties for failure to pay wages or compensation). Wal–Mart conceded at oral argument that Evans was employed pursuant to an oral contract of employment, so Evans is also entitled to seek waiting time penalties under § 608.050. See Nev. Rev. Stat. § 608.050 (providing for waiting time penalties "in the sum agreed upon in the contract of employment").

For the reasons previously stated and stated herein, the Court should certify the Class so notice can be distributed before Plaintiffs may make a proper motion for summary judgment of liability.   Walmart's opposition is a red-herring and an improper attempt to filibuster judicial resolution of this case.

## II. STATEMENT OF RELEVANT FACTS

On July 22, 2010, Plaintiff Evans filed her seven-page class action complaint containing only two causes of action.  (ECF No. 1).  Count I of the complaint sought compensation for daily overtime under NRS 608.18 in light of NRS 608.0126 (shift jamming) and Count II of the complaint sought continuation wages (penalties) under NRS 608.040 and 608.050. (*Id.*). After Plaintiff filed this lawsuit, and as a result thereof, Defendant paid the underlying overtime wages claimed due in Count I of the Complaint to 11,246 past and present

---

[1] *See* ECF No. 49-3, Exhibit 1 (Plaintiff's check for backpay was for $234.90 in unpaid overtime).

3

employees through the auspicious of the Labor Commissioner's office. (*See* ECF No. 53 at p. 25 (Labor Commissioner Order)). Plaintiff then sought the continuation wages (penalties) under NRS 608.040 and 608.050 that Defendant had not paid for the 4,358 employees who had terminated, quit or otherwise discharged their employment as of July 31, 2010 (the date that Defendant made the payments for the underlying overtime wages claim).[2]

The District Court granted Defendant's motion for summary judgment on July 15, 2014, on the grounds that waiting time penalties can only be sought pursuant to contractual violations. (ECF No. 60, reported as *Evans v. Wal-Mart Stores, Inc.*, 2014 WL 3519199, at *1 (D. Nev. July 15, 2014) (stating that "these penalties are therefore limited to the contractually agreed upon rate of pay, which necessarily does not include the statutorily-created overtime rates.")). On August 15, 2016, the Ninth Circuit Court of Appeals issued a memorandum reversing the District Court (ECF Nos. 69 and 73, reported as *Evans v. Wal–Mart Stores, Inc.*, 2016 WL 4269904 (9th Cir. Aug. 15, 2016)). In both this Court, and in the Court of Appeals, Defendant argued it did not owe continuation wages under NRS 608.040 and 608.050 for the following reasons: (1) Walmart settlement with the Labor Commissioner precluded penalties by private parties;[3] (2) There was no private cause of action for either overtime or waiting penalties sought pursuant to statutory wage-hour violations;[4] and (3) Walmart employees do

---

[2] Defendant disclosed in their responses to Plaintiff's interrogatories that it mailed overtime backpay checks to 4,358 former employees. See ECF No. 39-2 (Declaration of David R. Markham in Support of Plaintiff's Motion For Class Certification, Exhibit 3). Plaintiff also requested the final pay rate for these 4,358 individuals in order to calculate the precise amount of waiting time penalties owed but Defendant has refused to produce this information prior to class certification. As soon as the class is certified, Plaintiff will request Defendant to Supplement its responses with classwide data.

[3] Because the District Court's PACER docket does not show the Ninth Circuit docket, attached for the convenience of the Court as Exhibit 1 of the Declaration of Jasmin Williams is "Defendant's Answering Brief." As indicated in Defendant's brief, it argued to the Ninth Circuit that the "The Labor Commissioner Order Bars Plaintiff's Claim For Waiting Time Penalties". *See* Def's Answering Brief at pp. 13-17.

[4] *See id.* at pp. 17-30.

4

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

not have a contract of employment to be paid overtime.[5] These arguments were based upon the same legislative history Defendant now argues again to this court.[6]

The Ninth Circuit rejected each and every one of Defendant's arguments:

1. With regard to whether the Labor Commissioner's order precluded Plaintiff from seeking waiting time penalties, the Ninth Circuit held that "The Labor Commissioner's order does not reference waiting time penalties, and therefore does not dispose of Evans's waiting time penalty claims." *See Evans,* 2016 WL 4269904, at *1.

2. With regard to the question of whether a Nevada employee can seek waiting time penalties for statutorily mandated wages, the Ninth Circuit confirmed that statutorily imposed conditions such as overtime support an action for waiting time penalties under NRS 608.040. *Id.*

3. Lastly, the Ninth Circuit held that Plaintiff and putative Class members were employed pursuant to an oral contract of employment and thus are also able to seek penalties under NRS 608.050. *Id.* ("Wal–Mart conceded at oral argument that Evans was employed pursuant to an oral contract of employment, so Evans is also entitled to seek waiting time penalties under § 608.050. See Nev. Rev. Stat. § 608.050 (providing for waiting time penalties "in the sum agreed upon in the contract of employment")").[7]

---

[5] *See id.* at pp. 34-37.
[6] *See id.* at pp. 28-30.
[7] At oral argument, the Ninth Circuit highlighted the problem with Defendant's arguments:

> JUDGE SILVERMAN: So it seems to me we've got a little bit of a red herring here when we get bogged down on whether there was a contract of employment. There was a contract of employment. One of the terms was that they'll get paid $8.80 an hour. Another term was they could be discharged without cause. There may have been other terms, too. Isn't that right?
>
> MS. BOHMHOLDT: I think that's right. And so when you look at 608.050, the wages or salary referenced there must be, in this case, $8.80 an hour. We know that for a few reasons. One is that overtime didn't exist when 608.050 was enacted. It's a statutorily imposed obligation. Of course we have to pay it. But the contract of employment is we'll pay you $8.80 an hour. There's no guarantee to overtime hours, at all.

5

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

Plaintiff filed this Motion after the Mandate issued from the Ninth Circuit when Defendants counsel refused to meet and confer. At the status conference to determine the briefing schedule on Plaintiff's Motion, Walmart's counsel indicated that Walmart's main argument was in regard to the applicability of two 30-days penalty provisions under both NRS 608.040 and 608.050. Magistrate Judge Ferenbach openly questioned the need for Defendant to file an opposition and how such a merits based argument affected class certification and counsel for Defendant agreed it did not affect class certification.[8] Despite the warnings to not

---

> JUDGE SILVERMAN: So is it your contention that if they work overtime there was no obligation to pay overtime?
>
> MS. BOHMHOLDT: It is not my contention that there was no obligation, but it is a statutorily imposed obligation. It is not the expectation, the bargained for –
>
> JUDGE SILVERMAN: Why isn't that implicit? Isn't it a matter of common knowledge that if you work overtime you get time and a half?
>
> MS. BOHMHOLDT: And -- yes. And I would say that just it's very easy to look at this and go, of course overtime is a wage, or is compensation. Of course it is –
>
> JUDGE SILVERMAN: Right.

See ECF No. 70-1 (Evans Transcript at pp: 16:14 – 17:19).

[8] A true and correct copy of the transcript from the status conference is attached the declaration of Jasmin Williams as Exhibit 2, and the relevant portions of the transcript are as follows:

> MR. FERRARIO: So, if -- if we could -- you know, you establish a reasonable time for us to brief this. We are getting arms around this case. This case obviously was in a stall mode while we were at the Ninth Circuit.
> **In large part, it is a -- we are going to be arguing over their contention that they get essentially dual wait time penalties. That's going to be a legal issue we'll address.**
> **The rest of it is -- is in large part an accounting-type game.** And then we have to also evaluate the impact of the -- any potential impact of what happened at the -- at the labor commissioner's office when this – when part of this, according to their argument, was resolved, and this part was left open. So --

6

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

1 argue the merits in opposition to class certification, Defendant filed its brief in opposition

2 doing just that.

3 **III.   ARGUMENT**

4     **A.   Defendants Defense On the Merits Is Not Applicable to The Motion for Class Certification Now Pending Before the Court And Must Be Rejected**

5 It is hornbook law that arguing the merits is not a bar to class certification under Rule 23 of the Federal Rules of Civil Procedure. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action."); *Caridad v. Metro–North Commuter RR*, 191 F.3d 283, 291 (2d Cir.1999) (stating that "a motion for class certification is not an occasion for examination of the merits of the case"); *Schweizer v. Trans Union Corp*., 136 F.3d 233, 239 (2d Cir.1998) ("*Eisen* makes clear that the determination of whether a class meets the requirements of Rule 23 must be performed separately from the determination of the merits"). As explained in *Eisen*, this reading of Rule 23 is buttressed by the rationale that reaching the merits "may result in substantial prejudice to a defendant, since of necessity it is not accompanied by the traditional rules and procedures applicable to civil trials," and "may color the subsequent proceedings and place an unfair burden on the defendant." *Eisen*, 417 U.S. at 178, 94 S.Ct. 2140.

---

THE COURT: **Okay. How does any of that affect class certification?**
MR. FERRARIO: **I don't think it does. I think we can --**
THE COURT: All right. So -- so do we really need briefing on class certification?
MR. FERRARIO: Yeah, we -- Your Honor, we do actually. And again, my -- my co-counsel is pretty much handling that.
We have -- we're working on the brief. You know, if -- if we look at it and we can't in good faith file an opposition, we won't.
THE COURT: All right.

7

Although certification inquiries such as commonality, typicality, and predominance might properly call for some substantive inquiry, "[t]he court may not go so far ... as to judge the validity of these claims." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir.2003). "[N]either the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies [Rule 23]." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir.1975); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 808–09 (9th Cir. 2010); *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir.1983) (holding that "it is improper to advance a decision on the merits to the class certification stage").

Both of Walmart's main arguments in opposition to Plaintiff's Motion are merits-based and must be rejected as a valid basis for opposing class certification. In fact, the opposite is true. Walmart's opposition confirms that the merits must be decided on a class-wise basis. Even though merits-based arguments are not proper here, Plaintiff is compelled to respond to Walmart's opposition on those issues below.

### B. Defendant Is Precluded From Raising Its Merit-Based Arguments Because They Have Already Been Rejected And Resolved By The Ninth Circuit

First, Walmart asks this Court to dismiss Plaintiff's complaint once again on the grounds that Plaintiff cannot sue for waiting time penalties in this Court. Opp. at pp. 4-5. Defendant has already raised, and lost, this argument.[9] Indeed, if the Ninth Circuit had accepted any of the Walmart's arguments, it would not have reversed the District Court. *See C.R. v. Eugene Sch. Dist. 4J*, No. 13-35856, 2016 WL 4547356, at *3 (9th Cir. Sept. 1, 2016) ("We may affirm the grant of summary judgment on any ground supported by the record."); *Video Software Dealers Ass'n v. Schwarzenegger,* 556 F.3d 950, 956 (9th Cir. 2009). This issue cannot be re-litigated. *See, e.g.*, *Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir.

---

[9] *See* supra fns. 3-6.

8

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

2001) (citing United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994)) ("Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").[10] By raising this same issue again—that Nevada employees cannot sue for statutorily owed wages—Walmart is asking this Court to ignore the decision of the Ninth Circuit and its mandate. Walmart's brazen attempt to disregard an appellate court decision should be strongly rejected.[11]

Second, Walmart asks this court to conclude that Plaintiff and putative Class members are not entitled to seek penalties under NRS 608.040 ***and*** NRS 608.050. Again, the Ninth Circuit has already addressed this issue. It concluded that Plaintiff can seek penalties under NRS 608.40 because "[o]vertime pay is also a form of compensation under § 608.040" ***and*** under NRS 608.050 because "Wal–Mart conceded at oral argument that Evans was employed pursuant to an oral contract of employment, so Evans is also entitled to seek waiting time penalties under § 608.050." This Court also recognized that an employee could seek penalties under both statutory provisions: "In addition to the penalties provided by § 608.040, employees may also recover penalties and a lien on the employer's property under N.R.S. § 608.050, . . ." ECF No. 60 at p. 6.

In an effort to get the Ninth Circuits decision and this Court's prior recognition that former Nevada employees can seek penalties under both provisions, Walmart cites to an Attorney General opinion that supposedly supports its position that an employee can only recover 30-days waiting time penalties. Neither the AG's opinion nor the case it cites supports

---

[10] Even though the Ninth Circuit's decision in this case was unpublished, it extinguishes the argument that employees cannot sue for statutorily owed wages in court an implicitly overrules all cases to the contrary. The Ninth Circuit's decision further exposes the reality that all employees have an oral contract with their employer to be paid a certain wage for the hours that they work and that the statutory mandates set forth in wage-hour laws, such as overtime pay, are incorporated into the terms of that agreement.

[11] No relief may be granted to Defendant to the extent that it is asking this Court to directly grant relief from the appellate decision. *See, e.g.*, *Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 720 (E.D. Mich. 2006). Here, the Ninth Circuit Court of Appeals issued a mandate that this case proceed according to its memorandum, and the memorandum said Plaintiff was entitled to sixty days of wages as continuation pay and waiting penalties for having been terminated with unpaid daily overtime due.

9

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

Walmart's position. Quite the contrary. Both the AG opinion and *Doolittle v. District Court*, 54 Nev. 319, 322, 15 P.2d 684, 685 (1932), support the decisions of this court and the Ninth Circuit that NRS 608.040 and NRS 608.050 are cumulative. NRS 608.040 deals with situations where an employee has not been paid all the statutorily mandated wages due and owing to her at the time of termination and NRS 608.050 addresses when an employee has not been paid all the contractually-owed wages at the time of termination. As is known from the Ninth Circuit's opinion, Plaintiff and all members of the putative Class are eligible for both.[12]

### C. Plaintiff Meets All The Requirements For Class Certification

Recognizing that it has no real defense to class certification, Walmart concocts arguments that Plaintiff's claims are not common to putative Class members, she's not typical or adequate, common questions do not predominate, and that the class action mechanism is not superior to 4,358 trials or administrative proceedings. These arguments are red-herrings and are designed to distract from the real issues remaining in this case.

As a recap, this case is now only concerned with how much waiting time penalties are owed to Plaintiff and putative Class members. The common questions of liability have been resolve: (1) the Labor Commissioner's Order did not include waiting time penalties and (2) Nevada employees have a right to seek penalties for unpaid overtime sought both pursuant to statute and pursuant to contract. These common questions apply to all former employees of Walmart who were given overtime backpay checks as a result of Walmart's settlement with the Labor Commissioner. Plaintiff received one of these checks. She is thus typical and adequate to represent the putative Class. It does not matter whether Class members cashed the

---

[12] As indicated in during oral argument at the Ninth Circuit, unless they are volunteers (which they are not), all Walmart employees have a contract of employment to be paid for hours that they work. The terms of that contract are either express – lie the employee handbook here which promises to pay all wages required by Nevada state law, implied from the fact that the employer promises to obey the law, or implied by law from the fact that the statute requires the payment of overtime wages under certain conditions and any agreement to the contrary is illegal and void as against social policy. Just as an existing employee can sue for all wages due under the terms of his or her contract of employment under NRS 608.140, so can a former employee sue for all wages due under NRS 608.050. The same applies to wages provides under NRS 608.040.

check or not. It has been held that the payments did not include waiting time penalties and these penalties are owed to employees who left the employ of Walmart without receiving all their wages that were due and owing to them.

The common question now relates to how much the Class is owed in damages. The amount each individual class members is entitled to receive is certain and ascertainable by looking at the person's hourly rate of pay upon leaving his or her employment and the date of separation from employment. With this information, the amount of damages can be precisely calculated. Resolving this issue now, on a class wide basis, is clearly preferable to having 4,358 separate proceedings to determine the amount of damages owed to each individual putative Class Member.

### D.     Variations in Damages Do Not Defeat Class Certification

Finally, Defendant urges this Court to ignore *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016) and the long standing rule that mere variation in damages does not defeat class certification. In *Tyson Foods*, the Defendant argued that the class should not be certified because class members had to don or doff different gear, which took different times and had different damages – some had no damages. "Tyson moved to set aside the jury verdict, arguing, among other things, that, in light of the variation in donning and doffing time, the classes should not have been certified." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1044, 194 L. Ed. 2d 124 (2016). Like Defendant herein, Tyson Foods relied on the case of *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). But, as the Supreme Court of the United States stated: "Petitioner's reliance on *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), is misplaced. Wal–Mart does not stand for the broad proposition that a representative sample is an impermissible means of establishing classwide liability." In that case, representative testimony would stratify the need to prove an underpayment of overtime wages even if some of the employees were not underpaid, and therefore there was no liability at all.

In this case, there is no need for representative testimony because Defendant's own records show exactly which former employees it paid overtime compensation according to its agreement with the Labor Commissioner to pay all employees daily overtime due at the time of termination. The remainder of the damages calculation is simple arithmetic done by an accountant or other expert based upon Defendant's own data. There cannot be any offset under NRS 608.040(2) because Defendant never "fully tendered" the overtime payments until more than sixty days after a class member's termination, and if it did, we can simply reduce the waiting penalties to the date the overtime payment check was mailed, whether it was cashed or not. As soon as Defendant reveals the exact hourly pay rate for each employee, an accountant or another expert can calculate the exact amount that is owed.

### E. The Court Should Consider Sanctions Under 28 U.S.C. § 1927 For Unreasonably and Vexatiously Multiplying the Proceedings in This Case

Recycling the same old tired arguments, Defendants have dragged this dispute from this court to a sham mediation in order to buy time to go to the Labor Commissioner, back to this Court and then to the Court of Appeal and then back to this Court with the same frivolous motions for over six years. Now, rather than file a statement of non-opposition, after Counsel for Defendant admitted that there is no reason to oppose Plaintiffs motion for class certification, Defendant seeks to re-re-argue the same points on the merits that it lost in the Court of Appeals. Not only have these points been rejected by the Court of Appeals in this very case, every lawyers knows merits based arguments are not valid objections to a motion for class certification under Rule 23 and Walmart was warned by Judge Ferenbach not to make merits-based arguments. The Defendants arguments on the merits presented in opposition to class certification are completely inappropriate to the Motion before the Court and are grounds for the imposition of sanctions under 28 U.S.C. §1927.[13]

---

[13] 28 U.S.C. 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required

12

## IV. CONCLUSION

For the reasons stated herein, the Court should grant Plaintiff's Motion for class certification, approve the form of notice attached hereto as Exhibit A to be sent to class members, and impose sanctions under 28 U.S.C. §1927.

Dated: October 13, 2016                    Respectfully submitted:

**THIERMAN BUCK LLP**
By: s/ Mark R. Thierman
MARK R. THIERMAN

Attorneys for Plaintiff and the Class

---

by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

13

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

**Exhibit List**

Exhibit A    Proposed Notice to the Class

14

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION

# EXHIBIT A

Proposed Notice to the Class

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARDE EVANS, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:10-cv-01224-JCM-LRL<br><br>**NOTICE OF PENDING CLASS ACTION LAWSUIT** |

   ATTENTION: If you worked as an hourly employee of Wal-Mart Stores, Inc. ("Walmart") and you (1) worked in a Walmart store in Nevada between February 27, 2009 and July 31, 2010, (2) earned an hourly wage rate of 1.5 times the minimum wage per hour or less, (3) commenced a work shift any day less than 24 hours after commencement of their shift on the previous day, and (4) your employment terminated prior to September 1, 2010, YOU HAVE RIGHTS AFFECTED BY THIS LAWSUIT.

   PLEASE READ THIS NOTICE CAREFULLY AS YOUR LEGAL RIGHTS MAY BE AFFECTED.

*This is a court authorized notice.  This is not a solicitation from a lawyer*

1.  **Introduction**

   The purpose of this Notice is to inform you of the existence of a class action lawsuit and to inform you of your rights and options.  Please read this Notice carefully.  Your legal rights may be affected by whether you act or not.

   A former Walmart employee has sued Wal-Mart Stores, Inc. ("Walmart") to recover penalties for not having fully paid all wages that were due and owing to former employees when they ceased employment with Walmart.

   The United States District Court for the District of Nevada has allowed the lawsuit to proceed as a class action on behalf of all former hourly Walmart employees who (1) worked in a Walmart store in Nevada between February 27, 2009 and July 31, 2010, (2) earned an hourly wage rate of 1.5 times the minimum wage per hour or less, (3) commenced a work shift any day less than 24 hours after commencement of their shift on the previous day, and (4) whose employment terminated prior to September 1, 2010.  The Court has authorized this Notice.  This is not a solicitation from a lawyer.  The Court in charge of this case has not expressed any opinion as to the merit of any claim or defense raised by the parties to the lawsuit.

You need not do anything to participate in this class action, although you are free to exclude yourself and file your own claim(s). Whether or not you participate in this class action is entirely your decision.

The Court has not decided whether Plaintiff's allegations in this lawsuit are correct or if Walmart did anything wrong. There is no money available now, and no guarantee there will be, however, your legal rights are affected, and you have a choice to make now:

| **HERE ARE YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT** | |
|---|---|
| *Do Nothing* | By doing nothing, you keep the possibility of getting money if Plaintiff is able to prove her claims at trial or if the case is settled. But, you give up any rights to sue Walmart on you own about the same legal claims in this lawsuit, an you will be bound by any judgment entered by the Court, whether for or against the class. |
| *Exclude Yourself* | If you ask to be excluded and if Plaintiff is ultimately able to prove her claims at trial or if the case is settled, you will not receive any money as part of a trial award or settlement. But, you keep your rights to sue Walmart on your own about the same legal claims in this lawsuit during the applicable statute of limitations period, and you will not be bound by any judgment entered by the Court, whether for or against the Class. To ask to be excluded, you must mail a request to be excluded from the class. The request to be excluded must be postmarked no later than [**30 Days After Mailing**] |

2.  **Description of Lawsuit**

This class action lawsuit was filed on June 22, 2010 by Plaintiff Charde Evans against Defendant Walmart. Plaintiff originally sought unpaid overtime wages, penalties, interest, attorneys' fees, and costs, as a result of Walmart's unlawful policy of not paying daily overtime pursuant to Nevada wage-hour laws. Walmart settled the underlying overtime claim with the Nevada Labor Commissioner and mailed overtime backpay to current and former employees of Walmart. As a result of this payment, Plaintiff's overtime claim has been dismissed and is not part of the lawsuit at this time. Plaintiff's remaining claim is for penalties pursuant to Nevada Revised Statute Sections 608.040 and 608.050. Plaintiff contends that since Walmart failed to properly pay its employees daily overtime pursuant to Nevada law, all former employees who were mailed overtime backpay checks are entitled to recover up to 60-days of additional wages. IN sum, Plaintiff seeks these penalties, attorneys' fees, costs, and interest, on behalf of herself and on behalf of all former employees who were similarly not compensated their full wages upon the cessation of employment at Walmart.

Walmart denies Plaintiff's claims and denies that it is liable to Plaintiffs or Class Members for any penalties, attorneys' fees, costs, or interest.

3.  **Composition of Classes**

On [insert date], the Court granted Plaintiff's motion for class certification and authorized this Notice. The Court certified the following Class:

> All former hourly Walmart employees who (1) worked in a Walmart store in Nevada between February 27, 2009 and July 31, 2010, (2) earned an hourly wage rate of 1.5 times the minimum wage per hour or less, (3) commenced a work shift any day less than 24 hours after commencement of their shift on the previous day, and (4) whose employment terminated prior to September 1, 2010.

**4.   Legal Effect of Doing Nothing**

By doing nothing, you remain a member of the Class. If you are a class member and choose to remain in this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. If the Plaintiffs obtain money either as a result of trial or a settlement, you will be notified. Remaining in the class does not guarantee that you will receive any money from the case. By remaining in the lawsuit, you designate the named Plaintiffs the authority to make decisions on your behalf concerning the lawsuit, including the method and manner of conducting the lawsuit, and the approval of settlements. These decisions and agreement made and entered into will be binding on you if you remain in the lawsuit.

While the lawsuit is pending, you may be required to provide information, appear for a deposition or at a trial, or otherwise participate in the case.

If you remain in the case, you will be bound by any judgment entered by the Court, regardless of whether Plaintiffs win or lose the trial. You will not be able to sue Farmers as part of any other lawsuit about the same legal claims that are the subject of this lawsuit.

**5.   Your Right to Exclude Yourself**

You do not have to participate in Plaintiff's class action. If you choose not to participate, you will not receive any money if Plaintiffs wins at trial or if there is a settlement, nor will you be affected by any judgment rendered, whether favorable or unfavorable. If you exclude yourself from this lawsuit, you remain free to file your own lawsuit concerning the claims in this case, provided you do so in a timely manner. If you wish to file your own claims, you may want to speak to a lawyer regarding the applicable limitations period for bringing any such claims.

To request exclusion from this lawsuit you must mail the enclosed form entitled "Election to be Excluded" to [insert third party administrator], the Third Party Administrator at the following address:

[Third Party Administrator]
[Address to be filled in]

The Election to Be Excluded must be postmarked on or before [DATE 30 DAYS FROM MAILING] in order to be effective and valid.

3

**6.    No Retaliation Permitted**

Federal and Nevada law prohibit any form of retaliation or harassment based upon your participation in this lawsuit.

**7.    Your Immigration Status Does Not Matter**

You are entitled to be paid wages in accordance with the law even if you are not otherwise legally entitled to work in the United States. Bringing a claim for unpaid wages and associated penalties in this lawsuit is not a basis to be deported from the United States.

**8.    Your Legal Representation**

If you choose to remain in this lawsuit, and agree to be represented by the named Plaintiffs through their attorneys.  Your counsel in this action will be:

| | |
|---|---|
| Mark R. Thierman & Joshua D. Buck | David R. Markham |
| Thierman Buck LLP | The Markham Law Firm |
| 7287 Lakeside Drive | 750 B Street, Suite 1950 |
| Reno, Nevada 89511 | San Diego, CA  92101 |
| (775) 284-1500 | (619) 399-3995 |

**9.    Further Information**

Further information about this Notice or questions about this lawsuit may be obtained by contacting the Third Party Administrator at [CONTACT INFO TO BE INSERTED] or Plaintiff's counsel Mark Thierman or Joshua Buck at the above address for Thierman Buck, LLP, by phone at 775-284-1500, or by email at info@thiermanbuck.com. You are also free to consult the files for this case, which are located in the Clerk's office of the Court of the United States District Court District of Nevada located at 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101.

**DO NOT CONTACT THE JUDGE OR COURT CLERK
WITH QUESTIONS ABOUT THIS LAWSUIT.**