**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

CHARDE EVANS,

                Plaintiff,

vs.

WAL-MART STORE, INC.,

                Defendant.

Case No. 2:10–cv–1224–JCM–VCF

**<u>ORDER</u>**

Before the court are Wal-Mart's motion to stay the case (ECF No. 86), Evans's response (ECF No. 87), and Wal-Mart's reply (ECF No. 90).  For the reasons stated below, Wal-Mart's motion is granted.

## I. Background

In July 2010, Plaintiff Charde Evans sued Defendant Wal-Mart Stores, Inc.  (ECF No. 1)  She alleged that Wal-Mart engaged in "shift jamming" and was liable for "waiting time penalties."  (*Id.*)  Wal-Mart's partial motion to dismiss was granted.  This limited Evans's recovery to any violations that occurred after February 27, 2009.  (ECF No. 33)

In May 2013, Wal-Mart moved for summary judgment on both of Evans's claims.  (ECF No. 52)  The court granted summary judgment on the "shift jamming" claim.  Wal-Mart's payment to the Nevada Labor Commissioner had resolved this claim and Evans had conceded this in her opposition.  (ECF No. 60)  With regard to the waiting time penalties claim, the court granted summary judgment in Wal-Mart's favor.  (*Id.*)  It held that overtime pay was not "wages" within the meaning of the applicable code sections.  (*Id.*)  Evans was therefore unable to seek waiting time penalties because the only money she was owed was overtime pay, not wages.  (*Id.*)

The Ninth Circuit reversed the granting of summary judgment.  (ECF No. 69)  In a memorandum disposition, the appellate court held that overtime pay was a form of wages and Evans could seek waiting time penalties.  (*Id.*)  The issue of whether NRS sections 608.040 and 608.050, the applicable code sections, provided employees with private causes of action was not presented to the Ninth Circuit. (*Id.*)

Wal-Mart now moves to stay this action pending the outcome of a case currently before the Nevada Supreme Court.  (ECF No. 86)  Wal-Mart represents that, among other issues, the other case will finally resolve whether section 608.040 and 608.050 provide employees with private causes of action.

## II. Legal Standard

"A district court has discretionary power to stay proceedings in its own court."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  A court may grant a stay in order to await the outcome of other proceedings.  *Id.*  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

"[I]f there is even a fair possibility that the stay … will work damage to some one else," the moving party "must make out a clear case of hardship or inequity."  *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed 153 (1936).

## III. Discussion

Wal-Mart argues that this action should be stayed pending the Nevada Supreme Court's decision in *Neville v. Eighth Judicial District Court of the State of Nevada*, No. 70696.  (ECF No. 86-1)  Among the issues raised in *Neville* is whether there exists a private cause of action to enforce NRS sections

608.040 and 608.050.  (*Id.*)  Evans's remaining cause of action, waiting time penalties, is predicated on the theory that sections 608.040 and 608.050 provide employees with private causes of action.  (ECF No. 1)

Courts in the District of Nevada have come to different conclusions on this issue.  *Compare Miranda v. O'Reilly Automotive Stores, Inc.*, No. 2:14-cv-878-RCJ-PAL, 2014 WL 4231372 at *6 (D.Nev. Aug. 26, 2014)("[B]ecause the private right of action that can be implied under 608.140 only reasonably includes pre-wage-and-overtime-law contractual claims, the Court is inclined to dismiss the third through fifth claims under sections 608.016, 608.018, and 608.020–.050.") *with Buenaventura v. Champion Drywall, Inc.*, 803 F.Supp. 2d 1215, 1218 (D.Nev. 2011) ("Employees may also bring a private cause of action to enforce §608.040.")

"Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).  The Nevada Supreme Court's decisions bind this Court when interpreting Nevada state law.  *Bergerud v. Progressive Cas. Ins.*, 453 F.Supp. 2d 1241, 1246 (D.Nev. 2006).

"Where a state has not addressed a particular issue, a federal court must use its best judgment to predict how the highest state court would resolve it 'using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treaties, and restatements as guidance.'" *Id.* (quoting *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 865 (9th Cir. 1996)).

The court has reviewed the briefing in *Neville* and concludes that the Nevada Supreme Court's decision most likely will finally resolve whether employees have private causes of action under sections 608.040 and 608.050.  The case is therefore stayed pending the resolution of *Neville v. Eighth Judicial District Court of the State of Nevada*, No. 70696.

Evans's reliance on the Ninth Circuit memorandum disposition in this action is misplaced.  The Ninth Circuit did not directly address whether sections 608.040 and 608.050 provided a private cause of action.  (ECF No. 69)  This court will be bound by the Nevada Supreme Court's decision in *Neville*. *Bergerud*, 453 F.Supp. 2d at 1246.  If the Nevada Supreme Court decides there is no private cause of action, Evans will not have a waiting time penalties claim irrespective of the Ninth Circuit's determination that overtime pay is a form of wages.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wal-Mart's motion to stay (ECF No. 86) is GRANTED.  This action is stayed until the Nevada Supreme Court issues a decision in *Neville v. Eighth Judicial District Court of the State of Nevada*, No. 70696.

IT IS FURTHER ORDERED that a status conference is set for 10:00 a.m. on September 15, 2017 in Courtroom 3D.

IT IS SO ORDERED.

DATED this 16th day of February, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4