UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARDE EVANS, | Case No. 2:10-CV-1224 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORE, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff Charde Evans' renewed motion for class certification. (ECF No. 70). On January 13, 2017, defendant Wal-Mart Stores, Inc. ("Walmart") moved for a temporary stay of proceedings. (ECF No. 86).

In that motion, Walmart identified a case, *Neville v. Eighth Judicial District Court of the State of Nevada*, No. 70696, that had "been referred to the en banc panel [of the Nevada Supreme Court] for a decision on the merits." (*Id.* at 2). Walmart argued that case is relevant here because petitioner's second question in *Neville* is the same one at issue in this case. (*Id.*) ("That question, of course, is the exact same one upon which Ms. Evans seeks to proceed here—arguing that Wal-Mart can be held liable for failing to pay her and the putative class waiting-time penalties under N.R.S. §§ 608.040 and 608.050.").

On February 16, 2017, Magistrate Judge Ferenbach granted Walmart's motion for a temporary stay, finding that "[t]his court will be bound by the Nevada Supreme Court's decision in *Neville*. If the Nevada Supreme Court decides there is no private cause of action, Evans will not have a waiting time penalties claim irrespective of the Ninth Circuit's determination that overtime pay is a form of wages." (ECF No. 91 at 4) (citation omitted).

**James C. Mahan**
**U.S. District Judge**

Consequently, Magistrate Judge Ferenbach stayed the instant case until the Nevada Supreme Court decides *Neville*. (*Id.*).

Thus, productive argument in this case will require discussion of—and citation to—the Nevada Supreme Court's impending decision in *Neville*. Therefore, this court will deny the unadjudicated renewed motion for class certification. (ECF No. 70); *see also Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to control their dockets."). Plaintiff will have twenty-one (21) days from the date of the Nevada Supreme Court's decision in that case to resubmit an amended motion for class certification. The deadlines to submit any responses or replies in relation to that motion will comply with the terms of Local Rule 7-2(b).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's renewed motion for class certification (ECF No. 70) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff shall have twenty-one (21) days from the date of the Nevada Supreme Court's decision in *Neville* to submit an amended motion for class certification that includes discussion of that case.

DATED July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**