UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARDE EVANS,<br><br>                          Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>                          Defendants. | Case No. 2:10-cv-1224-JCM-VCF<br><br>ORDER |

Presently before the court is plaintiff Charde Evans' ("plaintiff") motion to amend complaint. (ECF No. 106). Defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed a response (ECF No. 110), to which plaintiff replied (ECF No. 113).

Also before the court is plaintiff's motion to amend the class certification order. (ECF No. 107). Defendant filed a response (ECF No. 110), to which plaintiff replied (ECF No. 113).[1]

I. **Background**

Plaintiff initiated this putative class action on July 22, 2010, alleging claims under N.R.S. § 608.020 *et seq.* (ECF No. 1).

Under NRS § 608.020, "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately." Nev. Rev. Stat. § 608.020. Similarly, under NRS § 608.030, "[w]henever an employee resigns or quits his or her employment, the wages and compensation earned and unpaid at the time of the employee's resignation or quitting must be paid no later than: [t]he day on which the employee would have regularly been paid the wages or compensation; or [s]even

---

[1] The parties filed consolidated responses and replies to plaintiff's motions. *See* (ECF Nos. 110, 113).

days after the employee resigns or quits, whichever is earlier." Nev. Rev. Stat. § 608.030.

If an employer fails to timely pay an employee who is discharged or has resigned or quit, the employer must pay the wages and compensation earned and unpaid at the time of termination as well as continuation wages. NRS § 608.040 provides that:

> 1. If an employer fails to pay:
>    (a) Within 3 days after the wages or compensation of a discharged employee becomes due; or
>    (b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less.
> 2. Any employee who secretes or absents himself or herself to avoid payment of his or her wages or compensation, or refuses to accept them when fully tendered to him or her, is not entitled to receive the payment thereof for the time he or she secretes or absents himself or herself to avoid payment.

Nev. Rev. Stat. § 608.040.

Similarly, NRS § 608.050 states that:

> 1. Whenever an employer of labor shall discharge or lay off employees without first paying them the amount of any wages or salary then due them, in cash and lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of the employees may charge and collect wages in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default.
> 2. Every employee shall have a lien as provided in NRS 108.221 to 108.246, inclusive, and all other rights and remedies for the protection and enforcement

> of such salary or wages as the employee would have been entitled to had the employee rendered services therefor in the manner as last employed.

Nev. Rev. Stat. § 608.050.

On June 23, 2011, the parties stipulated to stay discovery pending the conclusion of their attempt to mediate plaintiff's claims. (ECF No. 35). The case remained stayed until January 25, 2013, when the court entered an order lifting the stay and setting a briefing schedule on plaintiff's motion to certify class. (ECF No. 46).

Thereafter, on January 24, 2014, the court entered an order granting Wal-Mart's motion for summary judgment and denying as moot plaintiff's motion to certify class. (ECF No. 60). In its order, the court found that waiting time penalties were not available for unpaid overtime wages under Nevada law. *Id.* Accordingly, the court held that plaintiff's claims for the same failed as a matter of law and closed the case. *Id.*

Plaintiff appealed the court's grant of summary judgment in favor of Wal-Mart, and the Ninth Circuit reversed. (ECF No. 69). In its August 15, 2016, memorandum opinion, the Ninth Circuit held that overtime pay is a form of wages under Nevada law, and thus that plaintiff had a cognizable claim for waiting time penalties stemming from her and the other class members' unpaid overtime wages. *Id.* Accordingly, the Ninth Circuit remanded the case for further consideration. *Id.*

On remand, plaintiff filed another motion for class certification. (ECF No. 70). Wal-Mart opposed the motion. (ECF No. 83). Wal-Mart then asked the court for an indefinite stay of the action while a separate case, *Neville v. Eighth Judicial District Court of the State of Nevada*, was pending before the Nevada Supreme Court. (ECF No. 86). The issue before the *Neville* court was whether Nevada employees have a private right of action to seek unpaid wages under N.R.S. § 608.020 *et seq. See Neville v. Eighth Judicial District Court of the State of Nevada*, 133 Nev. Adv. Op. 95 (Dec. 7, 2017).

Because the *Neville* court had undertaken a threshold issue in this case, the court granted Wal-Mart's motion and stayed the entire action from February 16, 2017, until December 8, 2017, when plaintiff notified the court that the *Neville* court had held that Nevada employees do have a private right of action under N.R.S. § 608.020 *et seq. Id. See also* (ECF No. 95). Promptly after

plaintiff filed her notice regarding the *Neville* decision, plaintiff filed yet another motion to certify class on December 28, 2017. (ECF No. 97).

Through her motion, plaintiff sought to certify a class of 4,358 persons who meet the following description:

> Any hourly employees of Wal-Mart who (1) worked in Wal-Mart Stores in Nevada between February 27, 2009 and July 31, 2010, (2) earned 1.5 times the minimum wage per hour or less, and (3) commenced a work shift any day less than 24 hours after commencement of their shift on the previous day, and (4) whose employment terminated prior to September 1, 2010.

(ECF No. 97 at 2).

While class allegations regarding the non-payment of overtime wages had been resolved by an earlier class action, the court ultimately found that Wal-Mart may still be held liable for failing to pay plaintiff and the putative class members waiting-time penalties under NRS §§ 608.040 and 608.050. (ECF No. 100). However, the court found that plaintiff, who had voluntarily terminated her employment with Wal-Mart, did not have standing to bring a cause of action under N.R.S. § 608.050, which makes clear on its face that it only applies to employees who were discharged or laid off. (ECF No. 100 at 8) (citing *Wuest v. California Healthcare W.*, No. 3:11-CV-00855-LRH, 2012 WL 4194659, at *5 (D. Nev. Sept. 19, 2012)).

Accordingly, the court granted in part plaintiff's motion to certify class, limiting the class to include "only those class members who voluntarily terminated their employment with Walmart and thus have a viable claim under NRS § 608.040 only." (ECF No. 100 at 9).

Now, plaintiff moves to amend her complaint and the court's certification order to include Lisa Pizzurro Westcott ("Westcott") as a class representative for the class of involuntarily terminated employees. (ECF No. 107). Plaintiff alleges that Westcott was employed by Wal-Mart from July 2009 to on or about January 2010, when she was involuntarily terminated, and was also a victim of Wal-Mart's alleged violations of NRS § 608. (ECF No.

107). Accordingly, plaintiff moves to name Westcott as an additional representative plaintiff in this matter. *Id.*

## II. Legal Standard

### a. Amend certification order

Once class certification is granted or denied, the Federal Rules provide that the class certification order "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). As with class certification, the decision to alter or amend certification is left to the district court's discretion. *See Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001) (stating that Rule 23 "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court"), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05, 125 S. Ct. 1141, 160 L. Ed. 2d 949 (2005).

"Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). Although a district court may revisit a class certification order "in the light of subsequent developments in the litigation," any amendment thereto must satisfy the requirements of Rule 23. *Id.*

### b. Amend pleadings

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

**III. Discussion**

As a preliminary matter, the parties disagree as to the proper pleading standard by which the court must evaluate plaintiff's motions. Plaintiff argues that the court should apply the liberal standard for amended pleadings under Rule 15 to her motions to amend complaint and class certification order. Unsurprisingly, Wal-Mart asserts that the court should apply the more rigorous Rule 59 standard that courts apply to motions for reconsideration, which requires the movant to demonstrate that new evidence has been discovered, or that the court committed clear error in its prior ruling.

The Ninth Circuit has not provided any guidance as to the appropriate standard by which courts are to evaluate motions to amend class action certification orders prior to entry of final judgment. However, other courts in this circuit have opined that because "the court has the power to alter or amend the previous class certification order under Rule 23(c)(1), the court need not consider whether 'reconsideration' is also warranted . . ." *Ballard v. Equifax Check Servs.*, 186 F.R.D. 589, 598 n.6 (E.D. Cal. 1999). Moreover, because the court finds that plaintiff's motions must be denied under either pleading standard, the court will evaluate the instant motions to amend pursuant to the liberal Rule 15 standard.

In its response to plaintiff's motion, Wal-Mart cites binding authority from the Supreme Court and the Ninth Circuit, which foreclose the possibility of amendment in this case. First, the Ninth Circuit held in *Lierboe v. State Farm Mut. Auto. Ins. Co.*, that where the representative plaintiff in a certified class action was later found not to have standing to assert her claims, the class action suit must be dismissed, without leave to proceed with a substitute representative. 350 F.3d 1018, 1023 (9th Cir. 2003). The Ninth Circuit explained that, had the plaintiff had a

viable claim that became moot only after certification, a substitute representative might have been appropriate; however, because it should have been clear from the outset of litigation that the plaintiff did not have a viable claim, substitution was unavailable. *Lierboe*, 350 F.3d at 1023, n. 6.

Wal-Mart also cites a recent United States Supreme Court case, *China Agritech, Inc. v. Resh*, which raised the question:

> Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations?

138 S. Ct. 1800, 1804 (2018) ("*China Agritech*"). There, the Court plainly stated that the "answer is no." *Id.*

In *China Agritech*, the Court reasoned that while past precedent allowed for the tolling of the statute of limitations "during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails," these cases do not permit "the maintenance of a follow-on class action past expiration of the statute of limitations." *Id.* (citing *American Pipe & Constr. Co. v. Utah*, 414 U. S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U. S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983)). The Court further explained that to allow plaintiffs that have "wait[ed] out" the statute of limitations to "piggyback on an earlier, timely filed class action" would allow the statute of limitations to be extended time and time again—a result "not envisioned" by prior precedent. *Id.* at 1806, 1808.

In this case, the parties do not dispute that, absent some form of tolling, Westcott's claims are time-barred by the applicable statute of limitations. *See* (ECF Nos. 110, 113). However, plaintiff argues that, because she asserted claims on behalf of involuntarily terminated employees under N.R.S. § 608.050 from the outset of the litigation, these claims were initiated prior to the running of the statute of limitations, regardless of whether she ultimately had standing to assert

them. (ECF No. 113 at 5). Plaintiff submits that Westcott can step into her shoes and revive those claims, acting as class representative for the class of involuntarily terminated Wal-Mart employees.

Additionally, plaintiff asserts that *China Agritech* does not control here because that case dealt with a situation in which the plaintiff attempted to file a completely new, time-barred class action (against the same defendant and for the same claims) after the district court had denied a prior motion for class certification outright. *Id.* at 5–6. Here, plaintiff argues that because the court granted in part and denied in part her motion for class certification, Westcott is not seeking to initiate a new, separate class action following a complete denial of class certification. *Id.* at 6–7. Rather, plaintiff submits that Westcott "seeks to join an existing, partially certified action as an additional class representative." *Id.* at 7.

Plaintiff's arguments are unpersuasive. First, the Ninth Circuit recognized in *Lierboe* that the law makes clear that "if none of the named plaintiffs purporting to represent a class established the requisite case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Lierboe*, 350 F.3d at 1022 (internal quotations omitted). Therefore, because the court determined that plaintiff lacked standing to represent the members of her purported class who were involuntarily terminated from Wal-Mart, plaintiff's claims under N.R.S. § 608.050 were never validly asserted. Absent any authority to the contrary, the court cannot endorse plaintiff's attempt to assert claims for which she has no standing to serve as a placeholder for Westcott, who seeks to join this action well past the limitations period.

Finally, the court finds plaintiff's attempt to distinguish this case from *China Agritech* equally unpersuasive. Indeed, it makes no difference that the court declined to certify only some of plaintiff's claims as opposed to denying the motion for certification in its entirety, as the trial court did in *China Agritech*. The end result with respect to the uncertified claims is the same— the court has found that those claims are not fit for certification in the instant class action suit, and Westcott cannot revive those claims past the expiration of the statute of limitations. *See China Agritech*, 138 S. Ct. at 1804.

Because the court finds that *Lierboe* and *China Agritech* foreclose plaintiff's ability to add Westcott as a representative plaintiff in this matter, amendment in this case would be futile and plaintiff's motions must be denied. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal").

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to amend complaint (ECF No. 106) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to amend the class certification order (ECF No. 107) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the clerk of court shall lift the stay in the instant matter.

DATED: July 23, 2019

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE