Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARDE EVANS, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:10-CV-1224-JCM-VCF<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

On July 8, 2020 _____, this Court considered the Motion for Final Approval of Class Action Settlement. Counsel for Plaintiffs and Defendants appeared at the hearing. Having fully considered the motion, comments of counsel, and all supporting legal authorities, the Court orders as follows:

IT IS HEREBY ORDERED THAT:

    1.    The Court adopts the defined terms in the Settlement Agreement.

    2.    This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the named Plaintiffs, all Settlement Class Members, and Defendants.

3. The Court confirms as final the following settlement classes pursuant to Federal Rule of Civil Procedure ("FRCP") 23 and Nev. R. Civ. P. 23 : (1) Voluntary Termination Settlement Class, defined as: "any hourly employees of Walmart who: (i) worked at a Walmart store in Nevada between February 27, 2009 and July 31, 2010; (ii) earned 1.5 times the minimum wage per hour or less; and (iii) commenced a work shift any day less than 24 hours after commencement of their shift on the previous day; and (iv) whose employment voluntarily terminated prior to September 1, 2010;" and (2) Involuntary Termination Settlement Class defined as: "any hourly employees of Walmart who: (i) worked at a Walmart store in Nevada between February 27, 2009 and July 31, 2010; (ii) earned 1.5 times the minimum wage per hour or less; and (iii) commenced a work shift any day less than 24 hours after commencement of their shift on the previous day; and (iv) whose employment involuntarily terminated prior to September 1, 2010."

4. The Court confirms the appointment of Charde Evans and Lisa Pizzurro-Westcott as the Class Representatives and the Incentive Payments of $15,000 to Ms. Evans and $5,000.00 to Ms. Pizzurro-Westcott, as preliminarily awarded by the Court.

5. The Court confirms the appointment of Thierman Buck LLP as Class Counsel for the Settlement Class and approves their requests for attorneys' fees and litigation costs of $2,900,000.00 and $43,994.61, respectively. The Court further finds that no attorneys have asserted any attorney liens as to the Attorneys' Fees and Litigation Expenses awarded by the Court.

6. The Class Notice was distributed to Class Members, pursuant to this Court's order, and fully satisfied the requirements of FRCP 23, Nev. R. Civ. P. 23 and any other applicable law.

7. Pursuant to FRCP 23(e) and Nev. R. Civ. P. 23(e), the Court grants final approval to this Settlement and finds that the Settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Incentive Payment provisions. The Court specifically finds that the Settlement confers a substantial benefit to Settlement Class Members, considering the strength of Plaintiffs' claims and the risk, expense, complexity, and duration of further

litigation. The response of the Class supports Settlement approval. No Class Members objected to the Settlement and no one requested exclusion from the Settlement. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with the standards set forth in the Joint Motion for Final Approval of Settlement.

8. The Court finds that, as of the date of this Order, in consideration of the Class Settlement Amount provided for under the Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Order, have fully, finally, and forever released, relinquished, and discharged all Released Claims against Walmart in accordance with Section 12 of the Agreement the terms of which are incorporated herein by reference, shall have covenanted not to sue Walmart with respect to all such Settlement Class Member Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Settlement Class Member Released Claims against the Walmart.

9. The Court finds that the Claims Administrator Simpluris is entitled to $36,805.00 for administrative fees.

10. The Court directs the parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Claims Administrator to calculate and pay the claims of the Class Members in accordance with the terms set forth in the Settlement Agreement.

11. The Court retains jurisdiction to enforce the terms of the Settlement, including the payment of the Class Settlement Amount.

IT IS SO ORDERED, July 8, 2020.

_____
JAMES C. MAHAN
Judge, United States District Court

- 3 -
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT